# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIUS MONROE BOYD,**

  **Plaintiff,**

  v.                Case No. 15-cv-832

**LT. SHANNAN-SHARPE, et al.,**

  **Defendants.**

## SCREENING ORDER

  Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is now before me on plaintiff's motion for leave to proceed in forma pauperis, his motion to appoint counsel, and for screening of his complaint.

  The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On July 11, 2015, I assessed an initial partial filing fee of $0.12. Plaintiff paid that fee on July 27, 2015. I will grant plaintiff's motion to proceed in forma pauperis.

  Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is difficult to understand because he attempts to bring numerous unrelated claims in a single case. For example, plaintiff describes his lengthy placement in administrative segregation, his attempt to obtain treatment for an injured ankle, the potential indifference of a psychologist to his past trauma, and the excessive force used against him by officers.

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

3

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, the court will strike the original complaint submitted on July 9, 2015. Plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action. If plaintiff chooses to file an amended complaint, he must do so by **September 14, 2015.**

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli

v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify how their actions (or inaction) violated his constitutional rights. Plaintiff is encouraged to organize his claims in an orderly manner that is easy to follow, such as by using numbered paragraphs as opposed to a long narrative that jumps back and forth between claims.

Finally, plaintiff is instructed to use the court's form complaint, which the Clerk of Court will send to plaintiff with this order. Plaintiff's complaint fails to include a demand for the relief he is seeking as required by Federal Rule of Civil Procedure 8. Without knowing what plaintiff would like me to do, I cannot allow his complaint to proceed. Using the court's form will prompt plaintiff to include all the necessary elements in his complaint.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel because he cannot afford to hire one on his own. I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, courts require that a plaintiff contact at least three attorneys to inquire about representation. Plaintiff must provide me with the names of the attorneys he contacts, the letters he mailed to the attorneys, and, if possible, the attorneys' responses.

Once plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I will examine "whether the difficulty of the case – factually and legally –

5

exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has not satisfied the first step in the process described above. Plaintiff explains that he is in segregation and cannot call attorneys during business hours. Plaintiff's contact with attorneys need not be by phone; he can satisfy the first step by writing letters to attorneys and waiting a reasonable amount of time for a response. In any event, all plaintiff has to do at this point is file an amended complaint on the court's form that sets forth related claims. Based on plaintiff's filings, it appears that he is capable of doing this without an attorney representing him. I will deny plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket #6) is **DENIED** without prejudice.

**IT IS ALSO ORDERED** that the complaint submitted on **July 9, 2015** (Docket #1) is **STRICKEN**.

**IT IS FURTHER ORDERED** that, if plaintiff chooses, he may file an amended complaint on or before **September 14, 2015,** which contains only related claims in accordance with this Order.

6

**IT IS ALSO ORDERED** that the Clerk of Court shall send plaintiff a blank civil rights complaint form for prisoners with this order.

**IT IS FURTHER ORDERED** that if plaintiff chooses not to file an amended complaint by **September 14, 2015,** that complies with the requirements of Federal Rules of Civil Procedure 18 and 20, this action will be dismissed for failure to prosecute.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $349.88 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined**.**

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at

7

one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, plaintiff must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting plaintiff's legal rights.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2015.

s/ Lynn Adelman

_____

LYNN ADELMAN

District Judge

8