UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS MONROE BOYD,

      **Plaintiff,**

      v.                                          Case No. 15-cv-832

**LT. SHANNAN-SHARPE, et al.,**

      **Defendants.**

## SCREENING ORDER

Plaintiff, a state prisoner at the Wisconsin Secure Program Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On August 8, 2015, I screened plaintiff's complaint and informed him that if he wanted to proceed he needed to file an amended complaint curing the identified deficiencies. Plaintiff availed himself of this opportunity on August 12, 2015. This matter is now before me for screening of his amended complaint.

Federal law requires that I screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that defendants Broadbent, Govier, Hoem, Shannan-Sharpe, Gardner, Boughton, and Doe (the Security Director) placed plaintiff in administrative segregation indefinitely despite the adverse psychological affects segregation has had and will continue to have on plaintiff. Plaintiff also alleges that the decision to place him in indefinite administrative segregation was in response to "his constant filing of inmate complaints and will to exercise his constitutional and civil rights." (Docket #12 at 5.) These allegations are sufficient for plaintiff to state a claim that these defendants violated his Fourteenth Amendment right to due process and retaliated against him in violation of the First Amendment.

Next, plaintiff states he spoke to defendant Johnson about the impact his prolonged stay in segregation has had on his mental state and to defendant Cox about how the placement of a leg iron restraint on plaintiff for more than a year has worsened a pre-existing injury from a gunshot wound. Plaintiff claims neither defendant addressed his complaints. Based on these allegations, the plaintiff may proceed on his claim that Johnson and Cox were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

However, the plaintiff does not state claims against defendants Ellen Ray or William Brown (or any other defendant) relating to their denial of plaintiff's inmate complaints regarding double jeopardy. The double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions.

See Breed v. Jones, 421 U.S. 519, 528-31 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes. See Garrity v. Fiedler, 41 F.3d 1150, 1152 (7th Cir. 1994). Thus, the decision to continue plaintiff's placement in administrative segregation does not violate the Constitution's double jeopardy clause. Defendants Ray and Brown will be dismissed.

Plaintiff is also unable to state a claim based on the prison's policy requiring that inmates in segregation leave their outgoing mail unsealed because inmates have no generalized First Amendment right preventing prison staff from opening and reading their mail. Martin v. Brewer, 830 F.2d 76, 77 (7th Cir. 1987); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding prison regulation that allowed nonprivileged, outgoing mail to be opened and inspected).

Finally I will dismiss defendant Dr. Leumuxe. Plaintiff has alleged only that Lemuxe placed "false statements" in his file. This allegation is too vague to state a claim and it consists of a legal conclusion that is not supported by facts and therefore not entitled to the assumption of truth. In any event, the mere placement of false statements in plaintiff's file without more is insufficient to state a claim that plaintiff's constitutional rights were violated.

Plaintiff will need to use discovery to identify the name of the Doe defendant. Once identified, plaintiff should file a motion asking to substitute the name for the Doe placeholder.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice

4

Case 2:15-cv-00832-LA   Filed 08/19/15   Page 4 of 6   Document 13

for service on defendants Broadbent, Govier, Hoem, Shannan-Sharpe, Gardner, Boughton, Johnson, and Cox.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Broadbent, Govier, Hoem, Shannan-Sharpe, Gardner, Boughton, Johnson, and Cox shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that defendants Ray, Brown, and Leumuxe are **DISMISSED**.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2015.

s/ Lynn Adelman

_____

LYNN ADELMAN

District Judge