# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIUS MONROE BOYD,**

    **Plaintiff,**

  v.                                            Case No. 15-cv-832

**LT. SHANNAN-SHARPE, et al.,**

    **Defendants.**

## ORDER

On September 28, 2015, plaintiff filed a motion for oral deposition. He asks that I order "each defendant [to] give a deposition orally and under an [sic] sworn oath on the record"; "the defendant(s) to provide a room, time, and date the oral deposition should be taken"; and the "appoint[ment of] a deponent to conduct the deposition . . . ." (Docket #25.) The plaintiff explains that defendants are represented by counsel, are more educated than he is, and will have the opportunity to "find a way around the truth" if they are required only to respond to written discovery, rather than sit for an oral deposition.

Plaintiff's motion is premature because defendants have not yet responded to plaintiff's complaint. Once defendants respond file an answer, I will issue a scheduling order and discovery in this case will commence. Because the motion is premature, I will deny it without prejudice.

However, plaintiff should keep in mind that although a prisoner who is proceeding pro se may utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, including depositions, Fed. R. Civ. Pro. 30(b)(3)(A) requires that a party noticing a deposition bear the cost of recording the deposition. Nothing in the statute

governing in forma pauperis proceedings requires a court to waive, pay, or shift to another party the costs of an in forma pauperis litigant. See, e.g., 28 U.S.C. § 1915(c), (d).

If after a discovery schedule has been put in place plaintiff seeks waiver of the costs and fees associated with the depositions he requests, he must establish that he cannot obtain the information he wants through interrogatories, requests for admissions, or requests for the production of documents. See McNeil v. Lowney, 831 F.2d 1368 (7th Cir.1987) (finding that the district court had no authority to waive witness fees for indigent inmate where the prisoner plaintiff was able to present the essence of his case from other sources). This requires more than unsupported speculation that defendants will "find a way around the truth" if required only to respond to written discovery.

**IT IS THEREFORE ORDERED** that plaintiff motion for oral deposition (Docket #25) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge