# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DEMETRIUS M. BOYD,**

    **Plaintiff,**

    v.                                                           Case No. 15-cv-832

**JONI SHANNON-SHARPE, et al.,**

    **Defendants.**

---

## DECISION AND ORDER

On November 11, 2015, pro se plaintiff Demetrius Boyd filed a motion asking me to compel defendants to respond to his discovery requests and to sanction defendants for their failure to timely respond. (Docket #29). Defendants responded to plaintiff's motion on November 12, 2015. (Docket #30). Defendants argue that plaintiff's motion should be denied because he failed to comply with Local Civil Rule 37, which requires that he include in a motion to compel a certification that he conferred in good faith with defendants in an effort to resolve the dispute without the court's involvement. Defendants also argue that the motion should be denied because plaintiff filed his requests prematurely, before defendants had filed an answer to his complaint.

Plaintiff's failure to comply with Local Civil Rule 37 is fatal to his motion. The discovery phase of litigation is designed to proceed without a court's involvement. Parties are to work together in good faith to resolve disputes and should seek the court's assistance only after those efforts have failed.

Defendants explain that they have been in contact with plaintiff about the timing of his requests and are in the process of compiling the requested documents. They represent

that they will respond to plaintiff's requests "in a timely fashion consistent with the federal rules of civil procedure governing discovery." (Docket #30). As such, it does not appear that my involvement is necessary at this time. Therefore, I will deny plaintiff's motion to compel.

Plaintiff has also filed a fifth motion for the appointment of counsel. (Docket #32). Plaintiff explains that to prove his case he will need documents and witness statements that he may not be able to obtain due to his incarceration. Plaintiff's conclusions about his inability to obtain information in discovery are unsupported. He does not identify specific efforts he has made to obtain the information he believes he needs, nor does he identify specific refusals by defendants to give him access to such information. Mere speculation about his inability to access this information is an insufficient basis for me to reverse my four prior decisions that plaintiff is capable of proceeding on his own at this stage of the litigation.

I note again that plaintiff has a good grasp of his claims, and he understands what information he needs to support those claims. He should continue to use discovery to obtain the information he wants and work in good faith with defendants to overcome any obstacles that may arise.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel and for sanctions (Docket #29) is **DENIED**.

**IT IS ALSO ORDERED** that plaintiff's request that the court appoint counsel to represent him (Docket #32) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2015.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

3

Case 2:15-cv-00832-LA   Filed 11/20/15   Page 3 of 3   Document 33