# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEMETRIUS M. BOYD,

    **Plaintiff,**

v.                                                                         Case No. 15-cv-832

JONI SHANNON-SHARPE, et al.,

    **Defendants.**

## ORDER

Plaintiff is a Wisconsin state prisoner who is representing himself. On August 19, 2015, I allowed plaintiff to proceed on claims arising in connection with the decision to place plaintiff in indefinite administrative segregation. (Docket #13.) On January 14, 2016, plaintiff filed a motion for prospective relief based on assertions that "staff" at his institution were retaliating against him because of various lawsuits that he is currently pursuing. (Docket #46.) That motion is now fully briefed and ready for a decision.

Plaintiff's claims of retaliation are vague and far-reaching, but they mostly focus on his assertion that he is being denied access to paper, envelopes, and stamps and therefore is unable to adequately litigate multiple pending lawsuits, including this one. Defendants explain that plaintiff has been allowed to possess the amount of supplies permitted under prison rules and has been ordered to dispose only of supplies that are in excess of the permitted limits. Plaintiff asks that I order institution staff to give him all of his writing supplies and that I limit defendants' (and certain non-parties') contact with plaintiff's legal documents while this lawsuit is pending.

Injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citations omitted); Alston v. City of Madison, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

Plaintiff's motion is based on assertions of mistreatment that are different from the claims he raises and the relief he requests in his complaint. If plaintiff believes that he has new claims (e.g., an access-to-the-courts claim) against these or other defendants based on events that occurred after he filed the complaint in this case, he may raise those claims in a separate lawsuit. The only claims before me are the claims that plaintiff made in his amended complaint against the named defendants.

**IT IS THEREFORE ORDERED** that plaintiff's motion for injunctions (Docket #46) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge