UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**DEMETRIUS M. BOYD**,

       **Plaintiff,**

v.                                                                               **Case No. 15-CV-832**

**JONI SHANNON-SHARPE, et al.**,

       **Defendants.**
_____

## ORDER

Plaintiff is a Wisconsin state prisoner who is representing himself. On August 19, 2015, I allowed plaintiff to proceed on claims arising in connection with the decision to place plaintiff in indefinite administrative segregation. (Docket #13.) On March 11, 2016, plaintiff filed a motion for a temporary restraining order based on an alleged plot to assassinate plaintiff. (Docket #56.) Plaintiff identifies his attackers as "three staff" from his institution and "a patrol officer." (*Id.*) It is not clear to me whether any of these individuals are defendants in this lawsuit.

On February 26, 2016, I explained to plaintiff in a prior order that injunctive relief is appropriate only if it seeks the same kind of relief sought in the underlying suit and deals with the claims presented in that underlying suit. See *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citations omitted); *Alston v. City of Madison*, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general

rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

Plaintiff's motion for a temporary restraining order is based on assertions of mistreatment that are different from the claims he states in his complaint. If plaintiff believes that he has new claims (e.g., an excessive force claim) based on events that occurred after he filed the complaint in this case, he must raise those claims in a separate lawsuit. The only claims I can and will consider in this lawsuit are the claims that plaintiff made in his amended complaint against the named defendants.

Plaintiff also filed a motion to appoint counsel on March 17, 2016. (Docket #73.) This is the sixth motion that plaintiff has filed asking the court to recruit counsel to represent him. At this point, all plaintiff must do is tell his version of the events in his response to defendants' motion for summary judgment, which they filed on March 14, 2016. He may do so, in part, by supporting his arguments with an unsworn declaration pursuant to 28 U.S.C. §1746[1] and any documents or information he obtained in discovery. Plaintiff is cautioned to ensure that his response materials adhere to Civil Local Rule 56(b)(2), which requires plaintiff to respond both to defendants' brief and to defendants' statement of facts. (E.D. Wis.) I continue to believe that plaintiff has a good grasp of his claims and that he is able to clearly communicate why he believes he is entitled to the relief he seeks. Thus, he is capable of representing himself at this time, and I will deny his motion.

---

[1] Such a declaration should conclude with the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for a temporary restraining order (Docket #56) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #73) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge